CAMPBELL, Acting Chief Judge.
Appellant, B&B Cash Grocery Stores, Inc. (B&B), challenges the summary judgment entered by the trial court in favor of appel-lee, New England Mutual Life Insurance Company (New England). The trial court actions began when a former employee of B&B, who had been fired, filed a defamation action against B&B. B&B responded with a counterclaim against the former employee, New England, and others. The issue was ultimately joined on B&B’s Second Aménded Counterclaim that included twelve counts. New England was counterdefendant in seven of those twelve counts. The summary judgment that is the subject of this appeal granted New England’s motion in regard to Counts I, II, III and V of B&B’s Second Amended Counterclaim. That summary judgment, coupled with dismissal of Counts VI, VII, VIII, and IX, disposed of B&B’s entire ease against New England. We, therefore, have jurisdiction.
B&B’s claims against New England arise out of allegations that New England improperly billed B&B for and retained more than $550,000 in overpaid premiums on whole life insurance policies for B&B employees who elected to participate in a payroll deduction plan New England offered to B&B employees. Count I of B&B’s Second Amended Counterclaim requested declaratory relief; Count II sought damages for breach of contract and New England’s refusal to return premiums paid by B&B which B&B alleges New England had no right to retain; and Counts III and V involved claims for a breach of fiduciary duty and fraud. We affirm the summary judgment as to Count I, which denied B&B declaratory relief, and reverse as to Counts II, III, and V.
We find material issues of disputed fact exist that must be resolved before disposition may be made of Counts II, III, and V, not the least of which involve allegations of various agency relationships between the parties and their representatives and other parties who were involved in instituting and administering the employee payroll.deduction.insurance program. While sheer volume of record alone is never a sufficient basis to deny 'summary judgment, we do note there are twenty-six volumes of record pertaining to this case. Moreover, at oral argument, when the court questioned New England’s counsel regarding issues the court felt pertinent to a resolution of this appeal, counsel repeatedly responded in failing to answer the court’s questions that the answer “is not entirely clear from the record.” Questions not resolved by the record include, but are not limited to, those such as:
(1) When B&B employees were solicited to participate in the insurance plan, who made the solicitations, representatives of B&B or New England?
(2) What amount of insurance coverage did the employees agree to and what were the premiums due for the coverage requested?
(3) Were premiums in excess of the coverage requested by the employees billed for by New England and paid by B&B?
(4) Did B&B ever agree to subsidize the premiums for their employees’ insurance coverage?
(5) If there • were agency relationships, what were they?
We reverse the summary judgment entered for New England in regard to Counts II, III & V of B&B’s Second Amended Complaint. We affirm the summary judgment on Count I.
PATTERSON and QUINCE, JJ., concur.